

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENIS ACOSTA,[1] LETICIA ROSAS, IRMA ABRAJAN, MARIA DE JESUS GARCIA and PATRICIO SOLANO on behalf of themselves and other persons similarly-situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT LABOR LLC, SCOTT BORRE and THE FORM HOUSE, INC., <br><br> Defendants. | No. 05 C 2518 <br><br> Judge Robert W. Gettleman |
| SCOTT BORRE, an individual, <br><br> Counter-Plaintiff, <br><br> v. <br><br> DENIS ACOSTA, <br><br> Counter-Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a class action in the Circuit Court of Cook County, Chancery Division, alleging that defendants violated the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq.* They allege that defendants failed to adequately pay them and other low-wage, at-risk Hispanic workers, their

---

[1] Plaintiff Acosta's first name is alternatively spelled Denis and Denise.

1

earned overtime and other wages. Defendant Scott Borre ("counter-plaintiff") filed a counterclaim against plaintiff Acosta, asserting a state law claim for intrusion into seclusion. Counter-plaintiff alleges that Acosta videotaped him at work without his permission. Plaintiffs subsequently filed an amended complaint in state court which added a claim under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. Defendants then removed the case to this court.

Counter-plaintiff seeks $50,000 in compensatory damages and $250,000 in punitive damages for his alleged mental anguish. Acosta has moved to dismiss the counter-plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, Acosta's motion is granted.

## FACTUAL SUMMARY

Counter-plaintiff alleges that in or about November or December, 2003, Acosta installed a hidden camera in the interior offices of Scott Labor, LLC, of which counter-plaintiff is a principal, and videotaped office personnel, including counter-plaintiff, without consent. On January 3, 2005, the video aired on the local nightly news as part of a segment concerning employment practices. Counter-plaintiff alleges that the video negatively portrayed him and his company, and was "greatly embarrassing."

Counter-plaintiff alleges that this videotaping was an intrusion into his seclusion because it "violated the trust built up" between employer and employee, and that the fear of being recorded undermined counter-plaintiff's ability to supervise his employees. He claims that his employment was a private matter and not for public consumption, and that he suffered "great mental anguish."

2

## **DISCUSSION**

In ruling on a motion to dismiss for failure to state a claim, the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). A complaint should not be dismissed for failure to state a claim unless there is no doubt that the plaintiff cannot prove a set of facts that would entitled her to relief based on her claim. Pressalite Corp. v. Matsushita Elec. Corp. of Am., 2003 WL 1811530, at *2 (N.D. Ill. Apr. 4, 2003).

It is unsettled whether the common law of Illinois recognizes the tort of intrusion upon seclusion of another. Muick v. Glenayre Elecs, 280 F.3d 741, 743 (7th Cir. 2002). The Illinois Supreme Court has not expressly recognized the tort. Lovgren v. Citizens First Nat'l Bank, 126 Ill.2d 411, 416-19 (Ill. 1989). The Seventh Circuit has acknowledged that intrusion upon the seclusion of another is "generally recognized," but declined to address whether the Illinois Supreme Court would recognize the tort. Muick, 280 F.3d at 744; see also Minter v. AAA Cook County Consolidation, Inc., 2004 U.S. Dist. LEXIS 13629, at *20 (N.D. Ill. July 19, 2004). In the instant case, this court need not address whether the tort is recognized in Illinois because, even if it does, counter-plaintiff has failed to allege sufficient facts to state a claim.

Illinois courts that recognize the tort have established that the elements of a cause of action for intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive to a reasonable person; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. Johnson v. K Mart Corp., 311 Ill. App.3d 573, 577 (1st Dist. 2000)(citing Melvin v. Burling, 141 Ill. App.3d 786,

3

789 (3rd Dist. 1986)). Although the Illinois Supreme Court has not recognized the tort, it has noted that the tort requires "some type of highly offensive prying into the physical boundaries or affairs of another person. The basis of the tort is not publication or publicity. Rather, the core of this tort is the offensive prying into the private domain of another." Lovgren, 126 Ill.2d at 417. Acosta argues that the counterclaim fails to sufficiently plead the second and third elements.

"If a plaintiff does not allege private facts, the other three elements of the tort need not be reached." Busse v. Motorola, Inc., 351 Ill.App.3d 67, 72 (3rd Dist. 2004). Examples of inherently "private facts" include "a person's financial, medical, or sexual life, or a peculiarly private fact of an intimate[,] personal nature." Green v. Chicago Tribune Co., 286 Ill.App.3d 1, 18 (1st Dist. 1996)(Cahill J., dissenting). In contrast, matters of public record, such as a name, address, date of birth and fact of marriage have been held not to be private facts. See e.g. Busse, 351 Ill.App.3d at 72 (holding a social security number is not private).

A plaintiff must also allege that he attempted to keep private facts private. "[P]ersons cannot reasonably maintain an expectation of privacy in that which they display openly." Vega-Rodriguez v. Puerto Rico Telephone Co., 110 F.3d 174, 181 (1st Cir. 1997). In addition, it is of no moment whether the observation of openly displayed facts is accomplished by a video camera or the naked eye. Id. ("the mere fact that the observation is accomplished by a video camera rather than the naked eye" does not alter the privacy expectations of that area). The question, then, is whether counter-plaintiff in the instant case has alleged intrusion upon private facts in an area where he had a reasonable expectation of privacy.

Counter-plaintiff argues that employees have an interest in keeping certain facts private. In his response to the motion to dismiss, he cites three cases in support of this argument that

4

certain facts in the employment context rise to the level of inherently private. K-Mart Corp. Store No. 7441 v. Trotti, 677 SW2d 632 (Tex. App. 1984)(a search of private possession in an employee locker); Bodewig v. K-Mart, Inc., 635 F.2d 657 (1981)(a strip search of an employee); Acuff v. IBP, Inc., 77 F.Supp.2d 914, 921 (C.D.Ill. 1999)(the videotaping of medical treatment in an office). All of these cases, however, are distinguishable. For example, in Acuff, an employer conducted video surveillance in an office to catch a suspected office thief. The court held that there was an invasion of patient's privacy because the camera also videotaped medical examinations that occurred in the office, and noted that, "There are few things in life that are more private than medical treatments and/or examinations." Id. at 924. Counter-plaintiff alleges that his employment at Scott Labor, LLC was a private matter and "not one for public consumption." The fact that he works at Scott Labor, LLC, however, is not highly personal and is not analogous to undergoing medical treatment or a strip search.

In addition to failing to plead inherently private facts, counter-plaintiff has not pled that he had an expectation of privacy in the area videotaped. Generally, the expectation of privacy in the employment context is not as strong as in the home. O'Connor v. Ortega, 480 U.S. 709 (1987); Vega-Rodriguez, 110 F.3d 174; United States v. Taketa, 923 F.2d 665 (9th Cir. 1991). The Supreme Court has held that an employee's professed expectation of privacy must be assessed in the full context of the particular employment relationship. O'Connor, 480 U.S. 709 (1987). Courts have interpreted O'Connor to mean that employees do not have a reasonable expectation of privacy in an open and undifferentiated work area. Vega-Rodriguez, 110 F.3d at 180. Factors affecting an employee's expectation of privacy in a given area of the office include: "whether the area was given over to an employee's exclusive use, . . .the extent to which others

5

had access to the work space, . . .and whether office regulations placed employees on notice that certain areas were subject to employer intrusions." Id, at 179; Taketa, 923 F.2d 665 (an employee did not have a privacy interest in an office not given over to his exclusive use).

Courts have consistently held that videotaping a work area or office in an attempt to monitor workplace conduct is not a violation of privacy.[2] Vega-Rodriguez, 110 F.3d 174; Thompson v. Johnson County Community College, 930 F.Supp. 501 (D.Kan. 1996). In Vega-Rodriguez, the First Circuit held that employees had no reasonable expectation of privacy in their work area, which was "so patulous as to render a broadcast expectation of privacy unreasonable." 110 F.3d at 180. Counter-plaintiff attempts to distinguish Vega-Rodriguez on the basis that the employees in that case were given advance notice of the video surveillance. The notice, however, was only one factor in the court's decision and does not affect its holding regarding the lack of an expectation of privacy.

Counter-plaintiff also cites a footnote in dicta of Vega-Rodriguez stating, "We caution, however, that cases involving the covert use of clandestine cameras, or cases involving electronically assisted eavesdropping, may be quite another story." Id., n.5. Vega-Rodriguez, however, does not hold that the use of a hidden camera always constitutes an invasion of privacy, but merely suggests in dicta that courts should be wary of the use of hidden cameras in private areas. The use of hidden cameras in an open office setting does not automatically transform a non-private area into a private one, as the Vega-Rodriguez court recognized by emphasizing that where objects are in "plain view" there is "no legitimate expectation of privacy." Id. at 181.

---

[2] The court notes that the cases cited by both parties address employers taping employees, but the instant case presents the reverse scenario. The court agrees that the analogy is appropriate given the allegations in the instant case.

Similarly, the Thompson court held that the use of a hidden camera, even in an employee locker room, was not an invasion of employee privacy. Thompson, 930 F.Supp. 501 (D.Kan. 1996). The court reasoned that work-related video surveillance of the shared locker room area was a valid means to document employee misconduct and did not violate any privacy interest. Id. at 508. Acosta, like the defendant in Thompson, allegedly videotaped an office area to record workplace misconduct.

Counter-plaintiff's reliance on Wolfson v. Lewis, 924 F.Supp. 1413, 1420 (E.D. Pa. 1996), is equally inapposite. The Wolfson court recognized an exception to the general rule that facts displayed publically cannot be considered private. The court found that there can be an invasion of privacy where a defendant's conduct amounts to a persistent course of hounding, harassment and unreasonable surveillance. Wolfson, 924 F.Supp. at 1420 (holding surveillance unreasonable where a news program repeatedly stalked members of plaintiff's family with cameras). In contrast, counter-plaintiff here has not alleged that Acosta's actions rose to the level of repeated harassment.

In the instant case, counter-plaintiff has not alleged any facts to show that the video surveillance in the offices of Scott Labor, LLC constituted an invasion of private facts or a violation of his reasonable expectation of privacy. Although he states that his employment was a "private matter" generally, employment is not inherently private as a matter of law. Also, he has not alleged that the area videotaped was given over to his "exclusive use," and not merely an open, shared area of the office. To the contrary, the counterclaim alleges that Acosta videotaped a shared area – "the interior offices of Scott Labor, LLC, its personnel and principals, including [counter-plaintiff]." Even drawing all inferences in favor of counter-plaintiff, his complaint fails

7

to allege sufficient facts to satisfy the privacy element of the tort of intrusion upon seclusion.

Because counter-plaintiff has not sufficiently pled private facts, the court need not address whether the alleged intrusion was "highly offensive."

## CONCLUSION

For the reasons set forth above, Acosta's motion to dismiss the counter-claim is granted.

**ENTER: July 15, 2005**

**Robert W. Gettleman**
**United States District Judge**