

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENIS ACOSTA, LETICIA ROSAS, IRMA ABRAJAN, and MARIA DE JESUS GARCIA[1] on behalf of themselves and other persons similarly-situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT LABOR LLC, SCOTT BORRE and THE FORM HOUSE, INC., <br><br> Defendants. | No.   05 C 2518 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a class action in the Circuit Court of Cook County, Chancery Division, alleging that defendants violated the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), by failing to adequately pay them their earned overtime and other wages. Plaintiffs filed an amended complaint in state court that added individual (non-class) claims on behalf of each named plaintiff under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), alleging failure to pay overtime wages and minimum wages. Defendants subsequently removed the case to this court.

Plaintiffs have moved pursuant to Fed. R. Civ. P. 23 for certification of three classes defined as:

---

[1]The court notes that Patricio Solano as a plaintiff in the captions of several of plaintiffs' notices of filing, but he is not included in either the caption or the body of the second amended complaint or plaintiffs' brief in support of their motion for class certification.

> I. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who worked in excess of forty (40) hours in any individual work week at The Form House, Inc. but who were not paid overtime pay at one and a half times their regular hourly rate of pay.
>
> II. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who were paid less than $5.15 per hour prior to January 1, 2004, who were paid less then $5.50 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $6.50 per hour after January 1, 2005, for all time worked in individual work weeks at The Form House, Inc.
>
> III. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 and who were not paid for all hours worked in individual work weeks at The Form House, Inc.

Class I and class II assert claims under the IMWL, and class III asserts claims under IWPCA. Plaintiffs do not specify class representatives, and the court assumes that all named plaintiffs seek to represent all three classes.

On September 20, 2005, the court granted an agreed motion by plaintiffs and defendants Scott Labor LLC and Scott Borre to certify all three classes. Defendant The Form House ("Form House") opposed that order and has filed a brief opposing class certification, arguing that a federal class action is not superior to other methods of adjudication as required under Fed. R. Civ. P. 23(b)(3) because an FLSA class cannot be certified under Rule 23. Form House also argues that the court lacks supplemental jurisdiction over the state law claims. For the reasons set forth below, plaintiffs' motion for class certification is granted as to all three classes.

## FACTS

The following facts are those relevant to the class certification motion only. Defendant Scott Labor, LLC ("Scott Labor") is a temporary staffing agency that recruits hourly laborers and leases those laborers to third-party client companies. Defendant Scott Borre ("Borre") is a member of Scott Labor. Borre directs and supervises the work of Scott Labor's employees, has the authority to hire and fire, and makes decisions regarding employee compensation. Defendant Form House leases employees from Scott Labor, including the named plaintiffs and the putative class members. Plaintiffs are current and former employees of Scott Labor who were leased to Form House, and allege that defendants are joint employers who failed to pay them the minimum wage and overtime wages as required under state and federal law.

## DISCUSSION

Districts courts have broad discretion to determine whether certification of a class action is appropriate. Keele v. Wexler, 149 F.3d 589, 592 (7th Cir. 1998). Fed. R. Civ. P. 23, which governs class actions, requires a two-step analysis to determine if class certification is appropriate. First, plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993). In the instant case, Form House does not challenge the Rule 23(a) prerequisites.

Second, the action must also satisfy one of the conditions of Rule 23(b). Joncek v. Local 714 International of Teamster Health and Welfare Fund, 1999 WL 755051, at *2 (N.D. Ill. Sept. 3, 1999) (and cases cited therein). Plaintiffs seek certification under Rule 23(b)(3), which requires plaintiffs to demonstrate that: (1) common questions must predominate over any

3

questions affecting only individual members; and (2) class resolution is superior to other methods for the fair and effective adjudication of the controversy. Portis v. City of Chicago, 2003 WL 22078279, at *3 (N.D. Ill. Sept. 8, 2003) (quoting Joncek, 1999 WL 755051, at *7). Plaintiffs have the burden of showing compliance with Rule 23. Cwiak v. Flint Ink Corp., 186 F.R.D. 494, 496 (N.D. Ill. 1999). Form House does not contest that plaintiffs have satisfied the first requirement of 23(b)(3) that common questions predominate. Form House's only challenge to class certification is that class resolution is not a superior method, arguing that plaintiffs' motion for class certification under Rule 23 "effectively circumvents the opt-in requirement of the [FLSA] and undermines Congress's intent to limit these types of claims to collective actions." For the reasons stated below, the court disagrees and grants plaintiffs' motion for class certification.

A Rule 23 class cannot be certified under the FLSA; instead, such claims must be brought as a collective action under 29 U.S.C. § 216(b). See Rodriguez v. The Texan, Inc., 2001 WL 1829490, at *1 (N.D.Ill. Mar. 7, 2001). A collective action under § 216(b) differs from a class action under Rule 23 because, in contrast to a class action that includes all class members unless they specifically "opt-out," members of an FLSA representative action must "opt-in." See Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982). Congress placed no such limitation on class actions seeking overtime or other wages under state law. See, e.g., Beltran-Benitez v. Sea Safari, Ltd., 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) ("[T]he FLSA's prohibition of Rule 23 class actions does not bar the application of Rule 23 to a separate cause of action in the same complaint.").

In the instant case, Form House argues that certifying the proposed classes would undermine Congress's policy decision that all FLSA class members "opt-in." See McClain v. Leona's Pizzeria, 222 F.R.D. 574, 577 (2004) (("[M"]andating an opt-in class or an opt-out class is a crucial policy decision") (quoting De Ansencio v. Tyson Foods, Inc., 342 F.3d 301, 310 (3rd Cir. 2003)). In support of this argument, Form House cites several opinions from this district. See, e.g., Harper v. Yale Int'l Ins. Agency, Inc., 2004 WL 1080193, at *5 (N.D.Ill. May 12, 2004); McClain, 222 F.R.D. at 577; Rodriguez, 2001 WL 1829490, at *2. All of the cases cited by Form House, however, are distinguishable on at least one of two grounds. First, plaintiffs here are not asserting a collective action under the FLSA; instead, they assert only individual claims under the FLSA. Second, plaintiffs filed their complaint in state court and it was removed by defendants.

Form House fails to identify any case in a which a court has held that a state law class action, removed to federal court, is barred by an un-asserted FLSA collective action, and the court's research has not revealed such a case. Courts in this district are split as to whether plaintiffs may simultaneously pursue FLSA collective actions and state law class actions. In all but one of the cases relied on by Form House, the plaintiffs asked the court to approve notice under § 216(b) of a collective action under the FLSA and to certify state law classes under Rule 23.

Courts denying class certification of state law claims place significant emphasis on the difficulties and incongruities potentially presented by permitting both opt-in and opt-out classes in the same case. For example, in Muecke v. A-Reliable Auto Parts and Wreckers, Inc., 2002 WL 1359411, at *2 (N.D.Ill. June 21, 2002), the court permitted the plaintiffs to send notice of a

5

collective action under § 216(b) of the FLSA. The court then denied the plaintiffs' motion to certify state law classes, relying heavily on the complications created by including both a Rule 23 class and a collective action.

> It is entirely possible...that only a few or a handful of employees will elect to opt into the FLSA action. Were that to occur, we would be left with the rather incongruous situation of an FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees. Id.

The McClain court echoed these concerns in a similar holding denying the plaintiffs' motion to certify state law classes under Rule 23 after authorizing notice of a collective action under § 216(b) of FLSA. 222 F.R.D. at 577. See also, De Asencio, 342 F.3d at 311 (noting that where FLSA claims are brought together with fair wage claims under state law, "the disparity in numbers of similarly situated plaintiffs [alleging state as opposed to federal claims] may be so great that it becomes dispositive in transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog.").

Form House also relies on Rodriquez, in which Judge Shadur issued an order sue sponte, shortly after the plaintiffs filed a complaint that appeared to assert class claims under the FLSA and state wage laws, which noted his "serious reservations" whether the putative state law classes could be certified. Judge Shadur expressed concern that the opt-in policy of the FLSA and congressional intent would be "thwarted if a plaintiff were permitted to back-door the shoehorning in of unnamed parties through the vehicle of calling upon similar statutes that lack such an opt-in requirement." Rodriguez, 2001 WL 1829490, at *2. Rodriguez, however, was

6

merely a warning to the plaintiffs, and did not hold that the state law classes could not be certified.

Other courts in this district have reached the opposite conclusion, and allowed the certification of state law wage claims in conjunction with individual and collective actions under the FLSA, discounting the potential for confusion caused by two types of classes. See, e.g., Ladegaard v. Hard Rock Concrete Cutters, Inc., 2000 WL 1774091, at *7 (N.D.Ill. Dec. 1, 2002) (rejecting the defendants' argument the FLSA provides similar relief and that it would be "confusing for the class members to receive notice from the court about their choices to "opt-in" to the FLSA action and "opt-out" of the state actions under Rule 23(b)(3)); O'Brien v. Encotech Const. Servs., Inc., 203 F.R.D. 346 (N.D.Ill. 2001) (permitting plaintiffs to proceed with both FLSA collective action and Rule 23 class action on their IMWL and IWPCA claims). Similarly, in Belbis v. County of Cook, 2002 WL 31600048 (N.D.Ill. Nov. 18, 2002), the court certified state law claims but denied the motion for notice of an FLSA collective action, suggesting that state law class claims may proceed alone.

Even if the court agreed with courts including Muecke, Rodriguez, and McClain that simultaneous collective and class actions may pose procedural problems involving notice and case management, these concerns are largely dissipated in the instant case because plaintiffs do not assert an FLSA collective action. This court sees no conflict or confusion that could result from proceeding with class actions on the state counts and an individual action on the FLSA count.

All of the cases cited by Form House in support of its opposition to class certification are further distinguishable from the instant case because they were originally filed in federal court.

7

Several courts denying class certification for state law claims have noted that the plaintiffs, as masters of their complaint, filed their claims in federal court. For example, in Harper v. Yale International Ins. Agency, Inc., 2004 WL 1080193 (N.D.Ill. May 12, 2004), Judge Pallmeyer emphasized that the plaintiffs "chose to file their complaint in federal court, so there is no concern that defendants have strategically removed the case to avoid a class action lawsuit." Harper at *5. In the instant case, the genuine concerns raised in Harper cannot be assuaged so easily because plaintiffs originally filed their complaint in state court. Moreover, Form House cannot claim surprise that plaintiffs seek to certify state law claims here because the original state court complaint in this action included the same state law class claims as the current second amended complaint.

Prior to Harper, Judge Pallmeyer had recently considered whether a plaintiff must pursue an FLSA collective action either simultaneously with, or instead of, a state law class action. See Sorensen v. CHT Corp., 2004 WL 442638 (N.D.Ill. 2004). The plaintiffs in Sorensen had filed a complaint in state court alleging violations of the FLSA, the IMWL, and the IWPCA, and sought to certify a class for the state law claims. The defendants removed the case to federal court and challenged class certification on the grounds that it was not a superior method of adjudication. Id. at *4. The Sorensen court acknowledged the congressional intent to limit collective actions, but also recognized that Illinois courts contemplate class action treatment for IMWL and IWPCA claims. Id. Judge Pallmeyer observed that permitting defendants to remove state law claims and then object to class action treatment of those claims "arguably subverts the rights of unnamed class members." Id. Judge Pallmeyer distinguished her holding in Harper from Sorensen by noting that the plaintiffs in Harper had filed in federal court. Id. at *5.

8

Several other courts in this district have certified state law classes where the plaintiffs originally filled in state court. In Yon v. Positive Connections, Inc., 2005 WL 628016 (N.D.Ill. Feb. 2, 2005), the court certified a class claim under the IMWL that had been removed from state court. The Yon court held that to permit the defendants to remove the case to federal court and then prevent class certification by challenging superiority under Rule 23(b)(3) would require the plaintiff to maintain a class action on the IMWL class in state court and its FLSA claim in federal court. Id. at * 4. "This would be unfair and inefficient." Id.; see also Herman v. Premier Concrete, Inc., 01 C 7263, unpub. order (N.D.Ill. May 14, 2002) (granting class certification of IMWL claims in case removed from state court.).

The court agrees with the reasoning of these cases that a defendant's removal of a state class action significantly diminishes the merits of its challenge to the superiority of class certification under Rule 23(b)(3). Form House asserts that "there are superior alternatives" to granting class certification at this time, but fails to explain or identify such alternatives. To remand the state law claims while retaining jurisdiction over the individual federal claims would be a poor use of judicial resources. See O'Brien, 203 F.R.D. at 352 ("It would be desirable to concentrate all litigation related to plaintiffs' common set of facts in this forum.").

Form House also argues that the court should not certify the state law classes because it will lack supplemental jurisdiction over the proposed class members "who become party to the state law claims in accordance with Rule 23's opt-out provision but do not opt-in to [plaintiffs'] FLSA action as required by 29 U.S.C. § 216(b)." This argument is nonsensical because, once again, plaintiffs' have not filed a collective FLSA action, and the named plaintiffs' individual FLSA claims do not trigger the opt-in procedure.

9

Form House cites Rodriguez and McClain in support of its contention that 28 U.S.C. § 1367(a) does not provide supplemental jurisdiction over the state law claims, but Form House reads the case law too broadly and the statutory language too narrowly. The Rodriguez court, which did not issue a holding, observed that the language of § 1367 "plainly betokens *actual* joinder or intervention, not the type of representative treatment" provided for under Rule 23. 2001 WL 1829490, at *2 (emphasis in original). The McClain court cites Rodriguez with approval, nothing that § 1367 "does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a collective action." McClain, 222 F.R.D. at 577.

Although the court appreciates the jurisdictional concerns expressed in Rodriguez and McClain, neither case holds that § 1367 does not apply to state law class actions. Section 1367 provides supplemental jurisdiction "over all other claims that are so related" that "they form part of the same case or controversy." Section 1367 also provides, "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Nothing in the statute prohibits supplemental jurisdiction over state law class claims. It is within this court's sound discretion to decline or elect to exercise supplemental jurisdiction over supplemental state law claims. Lynch v. Young, 2005 WL 3115172, at *5 (N.D.Ill. Nov. 17, 2005). Moreover, any concerns are further diminished by the absence of a collective action in the instant case and defendants' removal. Finally, this court has already exercised supplemental jurisdiction over the putative class members by entering the September 20, 2005, agreed order between plaintiffs and Borre and Scott Labor, which certified plaintiffs' state law classes.

For the reasons stated above, the court certifies classes I, II, and III as defined above.

## CONCLUSION

For the reasons stated above, the court grants plaintiffs' motion for class certification.

The court certifies three classes defined as:

I. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who worked in excess of forty (40) hours in any individual work week at The Form House, Inc. but who were not paid overtime pay at one and a half times their regular hourly rate of pay.

II. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 who were paid less than $5.15 per hour prior to January 1, 2004, who were paid less then $5.50 per hour between January 1, 2004 and January 1, 2005, or who were paid less than $6.50 per hour after January 1, 2005, for all time worked in individual work weeks at The Form House, Inc.

III. All persons leased by Defendant Scott Labor, LLC and Scott Borre to Defendant The Form House, Inc. as hourly employees since November 17, 2001 through September 11, 2005 and who were not paid for all hours worked in individual work weeks at The Form House, Inc.

ENTER: January 3, 2006

Robert W. Gettleman
United States District Judge

11